# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY C WATTS, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 4:19-00851-CV-RK |
| CARRINGTON MORTGAGE SERVICING LLC, et al., | ) |
|       Defendants. | ) |

## ORDER REGARDING SHOW-CAUSE RESPONSE

Before the Court is Trans Union, LLC's response to this Court's Order to Show Cause. (Doc. 32.) After careful consideration, the Court finds that Plaintiff has waived any argument that the case should be remanded for lack of timely consent to the notice of removal by all defendants.

Plaintiff filed this suit in state court based on the Fair Credit Reporting Act and the Missouri Merchandising Practices Act. The defendants are Carrington Mortgage Servicing LLC ("Carrington") and three credit reporting agencies: Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions Inc. ("Experian"). Trans Union removed the case to this Court on October 23, 2019. (Doc. 1.) None of the other defendants joined in the notice of removal. (*Id.*)

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the notice of removal." In an apparent attempt to satisfy this requirement, Trans Union stated as follows in its notice of removal: "Counsel for Trans Union has confirmed with the 16th Judicial Circuit Court, Jackson County, Missouri, online, that they have no document or file suggesting any other Defendant has been served." (Doc. 1 ¶ 5.)

During this Court's independent review to ensure that it has subject-matter jurisdiction, the Court discovered a return of service that was filed in the state court after this case was removed. The return of service suggests that all defendants had already been served by certified mail prior to removal. *See Watts v. Carrington Mortg. Serv. LLC*, No. 1916-CV27712 (Dec. 10, 2019 Cir. Ct. Jackson Cnty., Mo.). Whether service by mail was effective under Missouri law in this case remains unclear, and all defendants might have been required to join in or consent to the notice of removal within 30 days of service by mail. *See Christiansen v. Branch Cnty. Sch.*

*Dist.*, 674 F.3d 927, 932 (8th Cir. 2012). Furthermore, the Answer filed by Experian in this Court states only that it "admits that Plaintiff has alleged jurisdiction based on the FCRA," which seems to fall short of indicating full consent to the notice of removal. (Doc. 11 ¶ 2.)

Accordingly, the Court ordered Trans Union, Equifax, and Experian to show cause why the case should not be remanded to state court for failure to comply with the unanimity requirement (Carrington was excluded because it had not yet appeared in the case.). (Doc. 22.) Thereafter, Equifax, Experian, and Carrington filed consents to the notice of removal in this Court. (Docs. 23, 24, 30.) Trans Union now asserts in its show-cause response that the other defendants have cured any failure to timely join in or consent to the notice of removal. (Doc. 32.)

The Court need not address whether a failure to timely consent to removal can be cured, which is unclear,[1] because Plaintiff has waived any objection based on lack of timely, unanimous consent by all defendants. The unanimity requirement is not jurisdictional and may be waived by a party's failure to timely seek remand. *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989); *In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 476 n.4 (8th Cir. 1995), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). This 30-day deadline passed before the Court issued its show-cause Order, and an additional 28 days have passed since Trans Union filed its show-cause response without objection or motion from Plaintiff. Accordingly, Plaintiff has waived any argument that the case must be remanded for lack of timely, unanimous consent to the removal by all defendants.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 19, 2020

---

[1] *Compare, e.g., Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (can be cured), *with Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1174 (D.N.M. 2007) (cannot be cured), *and* Wright & Miller, 14C Fed. Prac. & Proc. Juris § 3739.2 n.13 (Rev. 4th ed.) ("if fewer than all defendants who must join the removal fail to do so within the time prescribed in Section 1446, that defect cannot be cured").